**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JEREMIAH WILLIAMS,

      Plaintiff,

v.                                     Case No. 8:26-cv-1441-KKM-CPT

REGAL PALMS OWNERS'
ASSOCIATION, INC.,

      Defendant.

_____

**<u>ORDER</u>**

Pro se plaintiff Jeremiah Williams sues Regal Palms Owners' Association, Inc., for breach of contract, trespass to chattels, and a declaratory judgment (complete with injunctive relief) that Regal Palms cannot continue to "obstruct[] federally regulated mail delivery." *See* Compl. (Doc. 1) ¶¶ 22–25, 29–33. Williams also attempts to bring a claim for "equitable relief" against Regal Palms. *See id.* ¶¶ 26–28.

Williams's dispute with Regal Palms arises from the latter's refusal to accept mail on Williams's behalf. The United States Postal Service delivers mail in the Regal Palms residential community only to the Regal Palms clubhouse as it is the "mandatory centralized delivery point for all mail." *See id.* ¶¶ 11–12. In January 2024, after Williams's failed to pay certain

assessments, the board of directors of Regal Palms suspended his voting rights and his rights to use the common amenities, which includes the centralized mail delivery at the clubhouse. *See id.* at 17. Thus, Regal Palms stopped accepting mail on Williams's behalf and returns all mail addressed to him as "marked undeliverable." *See id.*

Williams's complaint avers that I have jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1339. *Id.* ¶ 1. The former provides "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The latter gives "original jurisdiction of any civil action arising under any Act of Congress relating to the postal service." *Id.* § 1339. The complaint further contends that the action "arises under the Supremacy Clause . . . and the Postal Reorganization Act (39 U.S.C. § 101 et seq.)." Compl. ¶ 2. Lastly, there is allegedly supplemental jurisdiction over the state law claims. *Id.* ¶ 6.

Williams began this action on May 13, 2026. On May 14, 2026, I directed him to establish how subject matter jurisdiction exists over his action. (Doc. 8). Williams responds to that order. Resp. (Doc. 12).

In response, Williams admits that he does not have a federal cause of action, and that 39 U.S.C. § 101 does not create one. *Id.* at 1. Instead, he argues that this action " 'arises under' federal laws relating to the postal service, satisfying the jurisdictional prerequisites of both § 1339 and § 1331." *Id.* at 2.

2

Because federal regulations play a role in establishing and controlling the delivery of mail and Regal Palms's policy "disrupt[s] the transmission" of the mail, which "threatens" Williams's "ability to timely receive critical notices," this action purportedly arises under federal law. *See id.* at 2–3. In support, Williams cites only *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing*, 545 U.S. 308 (2005). *See* Resp. at 4.

*Grable* recognizes that, in rare instances, a state law claim that implicates federal issues can create federal jurisdiction. *Grable*, 545 U.S. at 312. This path to federal jurisdiction is incredibly narrow. *See AST & Sci. LLC v. Delclaux Partners SA*, 143 F.4th 1249, 1252–53 (11th Cir.), *cert. denied*, 146 S. Ct. 370 (2025). Under *Grable*, "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

Williams's action does not fit within the *Grable* framework. His contract and trespass to chattels claims do not raise a federal issue. Whether Regal Palms's actions violate their contractual obligations towards members such as Williams does not require the resolution of any federal issue. *Compare id.* at 259 (finding that a federal issue was necessarily raised when resolving a state law legal malpractice claim would "require application of patent law to the

facts of [the] case"). Nor does determining whether holding and returning the mail constitutes trespass to chattels under Florida law.

Williams does not otherwise identify an actual cause of action or an appropriate basis to invoke a federal court's jurisdiction and equitable power. *See McKinnon v. Talladega County*, 745 F.2d 1360, 1362 (11th Cir. 1984) (describing declaratory and injunctive relief as "prospective remedies"); *Bey v. Glass*, No. 8:25-CV-01977-WFJ-CPT, 2025 WL 3442739, at *2 (M.D. Fla. Dec. 1, 2025) ("Declaratory judgments and injunctions, however, are not causes of action. Instead, they are remedies tied to some other cause of action." (citations omitted)); *cf. Samuel L. Bray & Paul B. Miller*, Getting Into Equity, 97 NOTRE DAME L. REV. 1763 (2022). Rather, Williams seeks to convert 39 U.S.C. § 101 into a private cause of action despite his claims to the contrary. *See* Resp. at 1; *id.* at 4 (citing *Grable*). His declaratory judgment claim relies on allegations that Regal Palms is "obstructing" the "federal postal scheme governed by 39 U.S.C. § 101." *See* Compl. ¶¶ 22–25. There is no private cause of action under § 101. The statute, at most, imposes duties only on the Postal Service and nothing indicates that private parties may sue to enforce the statute at all, much less against another private party. *See* 39 U.S.C. § 101; *see also Lundt v. Hodges*, 627 F. Supp. 373, 375 (N.D. Iowa 1985) ("Plaintiff also alleges a claim under 39 U.S.C. § 101, *et seq.*, against [the defendant]. The Court finds that the complaint on its face fails to allege a claim upon which relief can be granted

4

in that it is based on the Postal Reorganization Act, which gives plaintiff no cause of action."); *Shed v. Univ. of S. Fla. Bd. of Trs.*, No. 8:22-CV-1327-KKM-TGW, 2023 WL 4420238, at \*6 (M.D. Fla. July 10, 2023) ("Although federal law makes it a crime to tamper with the mail, it provides no private cause of action for mail tampering." (collecting cases)).

Thus, despite Williams's arguments, I lack subject matter jurisdiction over his action and dismiss it without prejudice so that he may file it in state court where it properly lies. In his response to my order, Williams requests leave to amend the complaint to more "specifically articulate[]" the jurisdictional basis for his claims. He provides no further information as to how he would amend the complaint and cure the jurisdictional issues. Given the lack of explanation, I decline.

Accordingly, the following is **ORDERED**:

1. This action is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2. The Clerk is directed to **ENTER JUDGMENT**, which shall read, "This case is dismissed without prejudice."

3. The Clerk is further directed to **TERMINATE** all deadlines, pending motions, and hearings, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on May 29, 2026.

Kathryn Kimball Mizelle
United States District Judge